ORDERED.

Dated: September 11, 2019

_____
Roberta A. Colton
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Karin D. Case

      Debtor.
_____/

Case No: 8:19-bk-03059-RCT
Chapter 7

ORDER GRANTING TRUSTEE'S MOTION TO SELL
REAL PROPERTY AND PAY SECURED CREDITOR AND TRANSACTIONAL COSTS
(615 6th Ave N Safety Harbor, FL 34695)

THIS CASE came before the court to consider Chapter 7 Trustee, Richard M. Dauval's ("Trustee"), *Motion to Sell Real Property and Pay Secured Creditor and Transactional Costs* (the "*Motion*") (Dkt. No. 22). The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to respond within 24 days of the date of service; no party filed a response within the time permitted; and the Court therefore considers the Motion unopposed. Accordingly, it is:

**ORDERED** as follows:

1.    The notice of the Motion is approved as proper and adequate under the circumstances.

2. The Motion is GRANTED.

3. The Trustee is authorized to sell the real property located at:

Lot 14, Blue Springs, according to the map or plat thereof, as recorded in Plat Book 57, Page(s) 7, of the Public Records of Pinellas County, Florida.

more commonly known as, 615 6th Ave N Safety Harbor, FL 34695 (the "Real Property"), for gross sale price $ 190,000.00 (which includes a base sale price of $182,500.00 and a Bankruptcy Surcharge (or, *carve out*) of $7,500.00, title services, lender's title insurance, and government recording charges, etc., conditioned on the consent of its lienholders, and in accordance with the terms provided for in the Motion.

4. The Trustee is authorized to pay Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Mr. Cooper"), the secured mortgage creditor by virtue of Assignment(s) of Mortgage recorded in Official Records Book 17863, Page 634 of the Public Records of Pinellas County, Florida, the full amount of its lien as of the date of closing or other amount agreeable to Mr. Cooper to release their lien.

5. The Trustee is authorized to pay Secretary of Housing and Urban Development ("HUD"), the secured mortgage creditor by virtue of mortgage recorded in Official Records Book 18662, Page 1985 of the Public Records of Pinellas County, Florida, the full amount of its lien as of the date of closing or other amount agreeable to HUD to release their lien.

6. The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtor in the Real Property to Kenneth Hook (the Buyer(s)), his assigns, or ultimate purchaser(s)).

7. The Trustee is hereby authorized to execute the purchase agreement, or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

8. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---|
| Total Sales/Brokers Commission: | |
| 6% of base sale price to Future Home Realty | $ 10,950.00* |
| *this commission is intended to be shared with a cooperating agent / negotiator. | |
| Title Charges: | $ 2,181.25 |
| Government recording / transfer charges: | $ 1,277.50 |
| Satisfaction of Liens: | |
|     Mr. Cooper | $ 130,882.73 |
|     HUD | $ 35,000.00 |
|     City of Safety Harbor Utilities | $ 1,322.64 |
| Ocean Title, LLC Wire Fee: | $ 50.00 |

Without further order of the court, and using his best business judgment, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above, so long as they are within industry standard and do not materially reduce the benefit to the estate.

9. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyer(s) on an "as is, where is" or "with all faults" basis.

10. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any

disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

11. The purchase agreement and any related documents or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

12. In the event that the sale of the Real Property does not occur, all lienholders shall retain their respective liens to the extent, validity and priority as they did prior to the entry of the instant order. Specific to applicable Florida's utility liens, the City of Safety Harbor, Florida's utility lien, which is still accruing as utilities are still being provided, has priority pursuant to section 159.17, Florida Statutes, on parity with state, county and municipal taxes, and will survive if not fully satisfied.

13. The 14 day stay period pursuant to Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Attorney, Richard M. Dauval, Esq., is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.